ROBERT L. ZALETEL, SBN 096262
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:  415.433.1940
Fax No.:    415.399.8490
Email:      RZaletel@littler.com

Attorneys for Defendant
ELECTRONIC DATA SYSTEMS
CORPORATION

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE COX,<br><br>            Plaintiff,<br><br>    v.<br><br>ELECTRONIC DATA SYSTEMS<br>CORPORATION; and DOES 1 through<br>10, inclusive,<br><br>            Defendants. | Case No. CV 08 3927<br><br>NOTICE OF REMOVAL OF ACTION |

**TO PLAINTIFF DONNIE COX and his attorneys of record:**

PLEASE TAKE NOTICE THAT ELECTRONIC DATA SYSTEMS CORPORATION ("EDS") hereby removes to this Court the State Action described below:

1.  On July 11, 2008, an action was commenced in the Superior Court of California in and for the City and County of San Francisco, entitled *Donnie Cox v. Electronic Data Systems Corporation, et al.*, Case No. CGC-08-477444. A copy of the Complaint and the remainder of the State Court files are attached as Exhibit "A" hereto. A Summons and Complaint have not yet been served on EDS.

///

///

DEFENDANT ELECTRONIC DATA SYSTEMS CORPORATION'S NOTICE OF REMOVAL

## JURISDICTION

### A. DIVERSITY JURISDICTION

2. The Court has original jurisdiction over this civil suit under 28 U.S.C. § 1332 and it may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a)(b) and 28 U.S.C. § 1367, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. EDS was, at the time of commencement of this action, and still is, a citizen of the states of Delaware and Texas. EDS was, and is, incorporated in the State of Delaware, with its principal place of business located in Plano, Texas. Both at the time of commencement of the action, and at the time of this removal, EDS had its headquarters and home office located in Plano, Texas, where is exercises day-to-day control over its business. Plaintiff Cox is a citizen of the State of California, residing in California, both at the time the action was filed, and at the time of removal. There are no other identified defendants.

3. Plaintiff sues for wrongful termination in violation of public policy under California law. (Complaint, First Cause of Action.) Plaintiff also alleges that he was terminated in breach of a contract, the terms of which apparently include provisions that terminations would occur only pursuant to reductions in the workforce, for severe misconduct, or after employees are put on performance improvement plan and fail to meet the expectations of the plan. (Complaint, Fifth Cause of Action and ¶ 9.)

4. Plaintiff also alleges that his employer failed to immediately pay all wages due and owing to him under California Labor Code section 201 at the time of his termination. (Complaint, Second Cause of Action.)

5. Plaintiff also alleges that his former employer is guilty of fraud in that it intentionally misrepresented facts to him to induce him to accept a non-managerial technical position. (Complaint, Sixth Cause of Action and ¶¶ 11, 12, 13, 38-41.) Plaintiff alleges that the fraud caused him economic harm. (Complaint, ¶ 41.)

6. Plaintiff also alleges that his employer committed the tort of intentional interference with prospective economic advantage. (Complaint, Fourth Cause of Action.) Plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

alleges that after he was terminated, in September of 2006, he was not hired by a prospective employer, the California State Automobile Association ("CSAA") because EDS falsely told CSAA that he had been terminated from EDS for cause. (Complaint, ¶ 22.) Plaintiff alleges that EDS' conduct intentionally disrupted an economic relationship between Plaintiff and CSAA, causing Plaintiff economic loss. (Complaint, ¶ 32-34.) Plaintiff alleges that he suffered emotional distress, illness, embarrassment, humiliation, damages to his professional reputation and standing, lost compensation, and future lost compensation.

7.    Plaintiff alleges that his prospects for future employment and career advancement have been diminished. (Complaint, ¶ 46.)

8.    Plaintiff seeks damages for loss of pay and benefits, humiliation, mental anguish, emotional distress, punitive damages, waiting time penalties under Labor Code section 203, interest and attorneys' fees. (Complaint, Prayer for Relief.)

9.    Plaintiff alleges that at the time he was terminated in July of 2006 he was earning a salary of $110,400. (Complaint, ¶ 18.)

10.    The Complaint does not set forth the amount of Plaintiff's alleged damages. However, Defendant believes the following establishes that the amount in controversy will likely exceed $75,000:

  a.    Plaintiff was making $110,400 at the time of his discharge. He alleges that he was wrongfully discharged in violation of public policy, and in breach of contract. Defendant is informed and believes that since his termination, Plaintiff has not found comparable full time employment elsewhere and that Plaintiff's alleged economic damages alone are in excess of $75,000.

  b.    A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002). In *White v. FCI USA, Inc.* 319 F.3d 672, 674 (5th Cir. 2003) the court held that it was apparent that plaintiff's wrongful termination claim exceed $75,000 based on her "lengthy list of compensatory and punitive damages" (loss of pay, fringe benefits, impaired earning capacity, emotional distress), and her claim for attorneys' fees. Without conceding that Plaintiff's claims have merit, or that such

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1  damages are justified, Defendant notes that punitive damages have been awarded in similar claims
2  for wrongful discharge in violation of public policy in substantial amounts. *See, Smith v. Brown-*
3  *Korman Distillers Corp.*, 196 Cal.App.3d 503, 516 (1987) ($250,000 award of punitive damages
4  upheld). Courts have also awarded substantial damages for emotional distress in public policy
5  discharge cases. *See, Bihun v. AT&T Info Sys. Inc.*, 13 Cal.App.4th 664, 669 (1993) ($662,000 for
6  emotional distress); *Watson v. Dept. of Rehabilitation*, 212 Cal.App.3d 1271, 1294 (1989)
7  ($1,102,000 for emotional distress). S*ee also*, cases cited in *Simmons v. PCR Technology, supra*,
8  209 F.Supp.2d 1029 at 1034.

          c.  While Defendant does not concede that Plaintiff's claims have any merit, based on *the* foregoing, the amount in controversy in this case is likely to exceed $75,000. Not only will Plaintiff's claim for lost future wages and benefits alone likely exceed $75,000. Plaintiff also seeks damages for emotional distress, waiting time penalties, punitive damages and attorneys' fees.

        11.  Venue is appropriate in this Court because the action was removed from San Francisco Superior Court. 28 U.S.C. § 1446(a).

        12.  As required by 28 U.S.C. § 1446(d), promptly after filing this Petition, Defendant will give written notice to Plaintiff's counsel and file a copy with the Clerk of the state court.

Dated: August 18, 2008

*/s/ Robert L. Zaletel*
ROBERT L. ZALETEL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
ELECTRONIC DATA SYSTEMS
CORPORATION

Firmwide:86129947.1 056073.1009

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEFENDANT ELECTRONIC DATA SYSTEMS CORPORATION'S NOTICE OF REMOVAL

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On August 18, 2008, I served the within document(s):

**CIVIL COVER SHEET AND NOTICE OF REMOVAL OF ACTION**

[X] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

[ ] by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

[ ] by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Dan Siegel, Esq.
Dean Royer, Esq.
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 18, 2008, at San Francisco, California.

M. Gabriela Martin

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE

**EXHIBIT A**

```
                                          SUMMONS ISSUED
                                              FILED
 1  DAN SIEGEL, SBN 56400               San Francisco County Superior Court
    DEAN ROYER, SBN 233292
 2  SIEGEL & YEE                              JUL 1 1 2008
 3  499 14th Street, Suite 220                GORDON PARK-LI, Clerk
    Oakland, California 94612  CASE MANAGEMENT CONFERENCE SET
 4  Telephone: (510) 839-1200                   P. NATT  Deputy Clerk
 5  Facsimile: (510) 444-6698    DEC 1 2 2008  9ᵃᵐ AM
 6  Attorneys for Plaintiff
    DONNIE COX                   DEPARTMENT 212
 7
```

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DONNIE COX, | Case No. CGC-08-477444 |
| Plaintiff, | VERIFIED COMPLAINT |
| vs. | FOR DAMAGES |
| ELECTRONIC DATA SYSTEMS CORPORATION; and DOES 1 through 10, inclusive, | Employment/Wage Claim/Conversion |
| | Jury Trial Demanded |
| Defendants. | |

Comes now plaintiff DONNIE COX and alleges the following:

PRELIMINARY STATEMENT

1. DONNIE COX, a former employee of ELECTRONIC DATA SYSTEMS CORPORATION (EDS), brings this action for damages and restitution against defendant EDS for wrongful termination, late payment of wages, conversion, intentional interference with prospective economic advantage, breach of contract, fraud and unlawful business practices. EDS terminated COX for carrying out his jury duty, failed to pay outstanding wages immediately upon termination, refused to allow COX to retrieve his personal belonging from his office, caused COX to not be hired by telling a prospective employer he had been fired for cause, and denied COX a severance by making misrepresentations about a reorganization.

## JURISDICTION AND VENUE

2. Plaintiff's claims arise under the statutory and common law of the State of California.

3. The actions giving rise to this lawsuit occurred in the City and County of San Francisco.

## PARTIES

4. At all times relevant hereto, plaintiff COX was an employee of EDS until his termination. He was hired by EDS as the Systems Information Specialist in or about October 1999, and promoted to Technical Delivery Team Leader in or about March 2004. COX worked at the offices of California State Automobile Association (CSAA), 150 Van Ness Ave, San Francisco, California, a client of EDS.

5. At all times relevant hereto, defendant EDS employed persons at the offices of CSAA, 150 Van Ness Ave, San Francisco, California.

6. The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate, or otherwise are unknown to plaintiff COX, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff COX is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or some other manner for the occurrences alleged herein and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

7. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint defendants were the agents and employees of their co-defendants and in doing the things alleged in this complaint were acting in the course and scope of such agency and employment.

## STATEMENT OF FACTS

8. In or about October 1999, EDS provided COX with an offer letter to employ COX as a Systems Information Specialist, subject to certain prerequisites, at the offices of CSAA. COX

1. met all of the prerequisites and began working for EDS on or about October 11, 1999.

9. EDS has a practice and policy of on-going evaluation of its employees, and termination is normally only done pursuant to a reduction in workforce, severe misconduct, or after employees are put on a Performance Improvement Plan and fail to meet the expectations of the plan.

10. As a Systems Information Specialist, COX was rated Far Exceeds or Exceeds expectations as part of EDS's evaluation. As a Technical Delivery Team Leader, COX was rated Meets Expectations. In March 2006, EDS put COX on a Performance Improvement Plan immediately after rating him Meets Expectations. COX met the expectations of the Performance Improvement Plan.

11. On or about May 5, 2006, EDS notified COX there was a plan to reorganize the company, including moving COX from his management position as Technical Delivery Team Leader to a non-managerial technical role. COX's supervisor, Jane Barrett, told COX that his Technical Delivery Team Leader was being eliminated. Barrett also told COX that the non-managerial technical position was an equivalent position that would make COX ineligible for a severance. The next day, COX accepted the non-managerial technical position. A few weeks later, COX learned that his new non-managerial technical position did not appear in EDS' new organization charts and COX's Technical Delivery Team Leader position was not eliminated and filled by Brian Avery.

12. COX is informed and believes that at the time Barrett communicated to COX that his Technical Delivery Team Leader position was being eliminated, that Barrett knew it was not going to be eliminated but filled by someone other than COX, or did not have any reasonable ground for believing the Technical Delivery Team Leader position was being eliminated. Barrett made this communication with the intent to induce COX to accept the non-managerial technical position.

13. COX was unaware of the fact that his Technical Delivery Team Leader position was not going to be eliminated but filled by someone other than himself, and acted in reliance upon Barrett's communication when he accepted the non-managerial technical position.

14. COX received a jury summons from the Superior Court of California for the City and

County of San Francisco in or about March 2006, for jury service starting June 19, 2006. On June 14, 2006, COX gave notice to EDS, including his local manager, that he had jury duty starting June 19, 2006. On June 20, 2006, COX gave notice to EDS that he had to report to jury duty that day. COX also had jury duty on June 21, 2006. COX is informed and believes EDS has no policy regarding providing notice of jury duty.

15. On July 6, 2006, COX applied for a position with CSAA.

16. On or about July 11, 2006, EDS terminated COX. Barrett told COX that he was being terminated for cause. Barrett gave the following examples of cause: COX was not in the office on June 20 and the local manager did not know where COX was, COX was not in the office on June 21 and did not communicate a report to the local manager, COX did not attend a finance meeting on June 22. COX was not notified of the finance meeting until he returned to work from jury duty on the morning of June 22. COX communicated the report on June 22.

17. COX owned a space heater, six picture frames, a five year anniversary employee gift, and other personal items that he kept in his EDS office, collectively worth approximately $200. On or about July 11, 2006, COX requested he be allowed to remove said items, but EDS refused. After the termination COX requested he be allowed to return to EDS at a later date to retrieve said items, but EDS refused.

18. As of July 11, 2006, EDS paid COX an annual salary of $110,400.24. At the time of COX's termination, EDS owed COX $3,067.27 in salary, and $4,583.94 in accrued vacation.

19. EDS did not pay COX the outstanding salary and accrued vacation on July 11, 2006.

20. EDS paid COX the accrued vacation by check, mailed on July 12, 2006. COX received the check on July 14, 2006.

21. EDS paid COX the outstanding salary by electronic deposit on July 14, 2006.

22. In or about September 2006, CSAA informed COX he was not going to be hired because Human Resources could not approve it. COX is informed and believed he was not hired by CSAA because EDS told CSAA that COX had been terminated from EDS for cause.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. On or about January 11, 2006, COX filed a complaint with the Department of Labor

1  Standards Enforcement regarding his termination from EDS, case no. 1676-SACRCI.

## FIRST CAUSE OF ACTION FOR WRONGFUL DISCHARGE
## IN VIOLATION OF PUBLIC POLICY

24. Plaintiff COX realleges and fully incorporates herein paragraphs 1-23 above.

25. By virtue of the foregoing, EDS wrongfully discharged COX in violation of the public policy expressed in the Labor Code section 230(a).

26. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## SECOND CAUSE OF ACTION FOR LATE PAYMENT OF WAGES
## (Labor Code, §§ 201)

27. Plaintiff COX realleges and fully incorporates herein paragraphs 1-26 above.

28. By virtue of the foregoing, EDS terminated COX and failed to immediately pay all wages due and owing. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## THIRD CAUSE OF ACTION FOR CONVERSION

29. Plaintiff COX realleges and fully incorporates herein paragraphs 1-28 above.

30. By virtue of the foregoing, EDS knowingly interfered with COX's ownership of personal property.

31. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## FOURTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

32. Plaintiff COX realleges and fully incorporates herein paragraphs 1-31 above.

33. By virtue of the foregoing, EDS intentionally disrupted an economic relationship between COX and CSAA by means of wrongful acts.

34. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

### FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT

35. Plaintiff COX realleges and fully incorporates herein paragraphs 1-34 above.

36. By virtue of the foregoing, EDS and COX entered into a contract and EDS breached that contract.

37. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

### SIXTH CAUSE OF ACTION FOR FRAUD

38. Plaintiff COX realleges and fully incorporates herein paragraphs 1-37 above.

39. By virtue of the foregoing, EDS X intentionally misrepresented a material fact and caused COX to rely to his detriment thereby.

40. By virtue of the foregoing, EDS X negligently misrepresented a material fact and caused COX to rely to his detriment thereby.

41. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

### SEVENTH CAUSE OF ACTION FOR UNFAIR BUSINESS ACTS
(Bus. & Prof. Code, § 17200)

42. Plaintiff COX realleges and fully incorporates herein paragraphs 1-41 above.

43. By virtue of the foregoing, EDS violated Labor Code section 203(a) by terminating COX.

44. By virtue of the foregoing, EDS violated Labor Code section 201 by terminating COX and failing to immediately pay all wages due and owing.

45. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## DAMAGES

46. As a result of the actions of defendant EDS and its agents and employees, COX has been injured and has suffered damages as follows:

    a) He has suffered from emotional distress, illness, embarrassment, and humiliation, and has suffered damages to his professional reputation and standing.
    b) De has lost compensation to which he has been entitled and will lose such compensation in the future.
    c) His prospects for future employment and career advancement have been greatly diminished.

## PUNITIVE DAMAGES

47. One or more officers, directors, or managing agents of defendant EDS acted on behalf of EDS when they engaged in conduct alleged herein constituting malice, oppression, and fraud in order to harm COX and to deprive him of his rights to fair and equal treatment under the laws, all without lawful justification and because of plaintiff's sex and marital status. Accordingly, plaintiff COX is entitled to punitive damages against defendant EDS in this action.

WHEREFORE, plaintiff DONNIE COX requests that this Court grant him relief as follows:

(1) Compensatory damages for loss of pay and benefits;

(2) Restitution for loss of pay and benefits;

(3) General damages for humiliation, mental anguish, and emotional distress;

1  (4) Punitive damages, according to proof;

2  (5) Waiting time penalty under Labor Code section 203;

3  (6) Interest at the legal rate;

4  (7) Attorney's fees;

5  (8) Costs of suit; and

6  (9) Such other and further relief as the Court may deem proper.

7  Dated: July 11, 2008                    SIEGEL & YEE

By: /s/ Dean Royer

Dean Royer

Attorneys for plaintiff
DONNIE COX

## VERIFICATION

I, DONNIE COX, declare as follows:

I am the plaintiff in the above-entitled case. I have read the foregoing Verified Complaint and know the contents thereof. The same is true of my own personal knowledge, except where stated therein upon information and belief, and as to such matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 11, 2008, at Oakland, California.

_____
Donnie Cox

9
*Cox v. EDS*
VERIFIED COMPLAINT

CASE NUMBER: CGC-08-477444 DONNIE COX VS. ELECTRONIC DATA SYSTEMS CORPORA

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:   DEC-12-2008

TIME:   9:00AM

PLACE:  Department 212
        400 McAllister Street
        San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DAN SIEGEL, SBN 56400<br>DEAN ROYER, SBN 233292<br>SIEGEL & YEE, 499 14th Street, Suite 220, Oakland, California 94612<br>TELEPHONE NO.: (510) 839-1200   FAX NO.: (510) 444-6698<br>ATTORNEY FOR (Name): DONNIE COX | **FILED**<br>San Francisco County Superior Court<br>JUL 11 2008<br>GORDON PARK-LI, Clerk<br>BY: _Parani Mott_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

CASE NAME: Donnie Cox v. Electronic Data Systems Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | CGC-08-477444<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): ~~Three: sexual orientation and age discrimination, breach of contract~~ SEVEN: WRONGFUL TERMINATION, WAGE CLAIM, CONVERSION, INTERFERENCE WITH ECONOMIC ADVANTAGE, BREACH OF CONTRACT, FRAUD, UNFAIR BUSINESS ACTS

5. This case ☐ is  ☑ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 11, 2008

Dean Royer
(TYPE OR PRINT NAME)                    ▶ _[signature]_
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

JS 44 (Rev. 12/07) (cand rev 1-08)

Case 3:08-cv-03927-WHA   Document 1   Filed 08/18/2008   Page 1 of 1

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I.
**(a) PLAINTIFFS**
Donnie Cox

**DEFENDANTS**
Electronic Data Systems Corporation

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dan Siegel and Dean Royer    Phone: 510.839.1200
Siegel & Yee
499 14th Street, Suite 220
Oakland, CA 94612

Attorneys (If Known)
Robert L. Zaletel            Phone: 415.433.1940
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94108

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [x] 442 Employment | | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441(a)(b)

Brief description of cause:
Wrongful discharge in violation of public policy

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 8/15/08    SIGNATURE OF ATTORNEY OF RECORD    Robert L. Zaletel

American LegalNet, Inc.
www.FormsWorkflow.com