DAN SIEGEL, SBN 56400
DEAN ROYER, SBN 233292
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
DONNIE COX

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNIE COX,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV-08-3927 WHA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Employment/Wage Claim/Conversion<br><br><u>Jury Trial Demanded</u> |

　　　Comes now plaintiff DONNIE COX and alleges the following:

<u>PRELIMINARY STATEMENT</u>

　　1.　DONNIE COX, a former employee of ELECTRONIC DATA SYSTEMS CORPORATION (EDS), brings this action for damages and restitution against defendant EDS for wrongful termination, late payment of wages, conversion, intentional interference with prospective economic advantage, and unlawful business practices. EDS terminated COX for performing his jury duty, failed to pay outstanding wages immediately upon termination, refused to allow COX to retrieve his personal belonging from his office after the termination, and caused COX to not be hired by concealing information while communicating with a prospective employer.

## JURISDICTION

2. Plaintiff is a citizen of the State of California and defendant is a corporation incorporated under the laws of the State of Delaware having its principal place of business in a state other than the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

## VENUE

3. Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil Local Rules 3-2(c) and 3-2(d), assignment to the San Francisco or Oakland Division is proper because a substantial part of the events or omissions which give rise to the claim occurred in the City and County of San Francisco.

## PARTIES

5. At all times relevant hereto, plaintiff COX was an employee of EDS until his termination. He was hired by EDS as a Senior Information Specialist in or about October 1999, and promoted to Technical Delivery Team Leader in or about March 2004. COX worked at the offices of California State Automobile Association (CSAA), 150 Van Ness Ave, San Francisco, California, a client of EDS.

6. At all times relevant hereto, defendant EDS employed persons at the offices of CSAA, 150 Van Ness Ave, San Francisco, California.

7. The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate, or otherwise are unknown to plaintiff COX, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff COX is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or some other manner for the occurrences alleged herein and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true

names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

8. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint defendants were the agents and employees of their co-defendants and in doing the things alleged in this complaint were acting in the course and scope of such agency and employment.

## STATEMENT OF FACTS

9. On or about September 13, 1999, EDS provided COX with an offer letter to employ COX as a Systems Information Specialist, subject to certain prerequisites, at the offices of CSAA. COX met all of the prerequisites, and began working for EDS on or about October 11, 1999.

10. COX received a jury summons from the Superior Court of California for the City and County of San Francisco in or about May 2006, for jury service starting June 19, 2006. On June 14, 2006, COX gave notice to EDS, including his local manager, that he had jury duty starting June 19, 2006. Prior to the start of the work day on June 20, 2006, COX gave notice to EDS that he had to report for jury duty that day. The evening of June 20, COX gave notice to EDS that he had to report for jury duty on June 21. COX performed his jury duty on June 20 and 21, 2006. COX is informed and believes EDS has no policy regarding providing notice of jury duty.

11. On July 6, 2006, COX applied for a position with CSAA.

12. On or about July 11, 2006, EDS terminated COX. COX's supervisor, Jane Barrett, told COX that he was being terminated for cause. Barrett gave the following examples of cause: COX was not in the office on June 20 and the local manager did not know where COX was, and COX was not in the office and did not communicate a report to the local manager on June 21.

13. COX owned a space heater, six picture frames, a five year anniversary employee gift, and other personal items that he kept in his EDS office, collectively worth approximately $200.

14. On or about July 11, 2006, COX requested he be allowed to remove his items, but EDS refused. COX then requested he be allowed to return to EDS at a later date to retrieve his items, but EDS refused. COX has not regained possession of his personal items and COX is informed and believes EDS continues to possess said personal items.

15. At no time did COX consent to EDS's possession of his personal items.

16. As of July 11, 2006, EDS paid COX an annual salary of $110,400.24.

17. At the time of COX's termination, EDS owed COX $3,067.27 in salary and $4,583.94 in accrued vacation.

18. EDS did not pay COX the outstanding salary and accrued vacation on July 11, 2006. EDS paid COX the accrued vacation by check, mailed on July 12, 2006. COX received the check on July 14, 2006. EDS paid COX the outstanding salary by electronic deposit on July 14, 2006.

19. COX is informed and believes EDS intentionally failed to pay COX the outstanding salary and accrued vacation on July 11, 2006.

20. COX is informed and believes EDS knew COX had applied for a position at CSAA.

21. COX is informed and believes that after COX's employment with EDS ended, EDS told CSAA that COX had been terminated from EDS for cause but knowingly concealed the fact that the cause was for not being in the office on days for which COX had jury duty.

22. In or about September 2006, CSAA informed COX he was not going to be hired because its Human Resources could not approve it because COX had been terminated from EDS.

23. COX is informed and believes CSAA's decision to not hire him was substantially based on EDS's communication.

24. COX is informed and believes EDS's communication to CSAA was made with the intention of disrupting COX's ability to be hired by CSAA.

25. COX is informed and believes EDS's communication to CSAA was made with hatred or ill will towards COX, or EDS lacked reasonable ground for its belief in the truth of its communication with CSAA and acted in reckless disregard of COX's rights.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. On or about January 11, 2006, COX filed a complaint with the Department of Labor Standards Enforcement regarding his termination from EDS, case no. 1676-SACRCI.

### FIRST CAUSE OF ACTION FOR WRONGFUL DISCHARGE
### IN VIOLATION OF PUBLIC POLICY

27. Plaintiff COX realleges and fully incorporates herein paragraphs 1-26 above.

1    28. By virtue of the foregoing, EDS wrongfully discharged COX in violation of the public
2 policy expressed in the Labor Code section 230(a).

3    29. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and
4 pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be
5 ascertained.

6    WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

<u>SECOND CAUSE OF ACTION FOR DISCHARGE</u>

<u>FOR PERFORMING JURY DUTY AS REQUIRED BY LAW</u>

(Labor Code, § 230(a))

10    30. Plaintiff COX realleges and fully incorporates herein paragraphs 1-29 above.

11    31. By virtue of the foregoing, EDS discharged COX in violation Labor Code section 230(a).

12    32. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and
13 pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be
14 ascertained.

15    WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

<u>THIRD CAUSE OF ACTION FOR LATE PAYMENT OF WAGES</u>

(Labor Code, § 201)

18    33. Plaintiff COX realleges and fully incorporates herein paragraphs 1-32 above.

19    34. By virtue of the foregoing, EDS terminated COX and failed to immediately pay all wages
20 due and owing.

21    35. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and
22 pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be
23 ascertained.

24    WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

<u>FOURTH CAUSE OF ACTION FOR CONVERSION</u>

26    36. Plaintiff COX realleges and fully incorporates herein paragraphs 1-35 above.

27    37. By virtue of the foregoing, EDS knowingly interfered with COX's ownership of personal
28 property.

38. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## FIFTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

39. Plaintiff COX realleges and fully incorporates herein paragraphs 1-38 above.

40. By virtue of the foregoing, EDS intentionally disrupted an economic relationship between COX and CSAA by means of wrongful acts.

41. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## SIXTH CAUSE OF ACTION FOR PREVENTING SUBSEQUENT EMPLOYMENT BY MISREPRESENTATION
(Labor Code, § 1050)

42. Plaintiff COX realleges and fully incorporates herein paragraphs 1-41 above.

43. By virtue of the foregoing, EDS made false representations to prevent COX from obtaining employment.

44. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## SEVENTH CAUSE OF ACTION FOR UNFAIR BUSINESS ACTS
(Bus. & Prof. Code, § 17200)

45. Plaintiff COX realleges and fully incorporates herein paragraphs 1-44 above.

46. By virtue of the foregoing, EDS violated Labor Code section 203(a) by terminating COX for performing his jury duty.

47. By virtue of the foregoing, EDS violated Labor Code section 201 by terminating COX and failing to immediately pay all wages due and owing.

48. By virtue of the foregoing, EDS violated Labor Code section 1050 by making false representations to prevent COX from obtaining employment.

49. As a result of EDS's conduct, COX has suffered and will continue to suffer prejudice and pecuniary loss as described below. The exact amount of damages suffered by COX has yet to be ascertained.

WHEREFORE, COX prays for judgment against EDS as hereinafter set forth.

## DAMAGES

50. As a result of the actions of defendant EDS and its agents and employees, COX has been injured and has suffered damages as follows:

   a) He has suffered from emotional distress, illness, embarrassment, and humiliation, and has suffered damages to his professional reputation and standing.
   b) He has lost compensation to which he has been entitled and will lose such compensation in the future.
   c) His prospects for future employment and career advancement have been greatly diminished.
   d) He has been prevented access to his personal property.

## PUNITIVE DAMAGES

51. One or more officers, directors, or managing agents of defendant EDS acted on behalf of EDS when they engaged in conduct alleged herein constituting malice, oppression, and fraud in order to harm COX and to deprive him of his rights to fair and equal treatment under the laws, all without lawful justification and because plaintiff performed his jury duty. Accordingly, plaintiff COX is entitled to punitive damages against defendant EDS in this action.

WHEREFORE, plaintiff DONNIE COX requests that this Court grant him relief as follows:

(1) Compensatory damages for loss of pay and benefits, and value of COX's property;

(2) Restitution for loss of pay and benefits;

7

*Cox v. EDS,* Case No. CV-08-3927 WHA
FIRST AMENDED COMPLAINT FOR DAMAGES

(3) General damages for humiliation, mental anguish, and emotional distress;

(4) Punitive damages, according to proof;

(5) Waiting time penalty under Labor Code section 203;

(6) Treble damages under Labor Code section 1054;

(7) Interest at the legal rate;

(8) Attorney's fees;

(9) Costs of suit; and

(10) Such other and further relief as the Court may deem proper.

Dated: August 28, 2008               SIEGEL & YEE

                                     By: /S/_____
                                         Dean Royer

                                     Attorneys for plaintiff
                                     DONNIE COX